UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH WEISS,<br><br>        Plaintiff,<br><br>    v.<br><br>STEPHEN PEREZ, et al.,<br><br>        Defendants. | Case No. 22-cv-00641-BLF<br><br>**ORDER DENYING MOTION FOR EXPEDITED DISCOVERY**<br><br>[Re: ECF No. 27] |

Before the Court is Plaintiff Elizabeth Weiss' motion for expedited discovery. ECF No. 27 ("Mot."). Defendants, all San Jose State administrators, oppose the motion on several grounds. ECF No. 40 ("Opp."). Defendants contend that discovery is not warranted (1) until the Court rules on their motion to dismiss (which they say should be granted without leave to amend, negating the need for discovery); (2) because Weiss' alleged irreparable injury—inability to access the Native American remains after their upcoming repatriation—is of her own doing due to her delay in pursuing the relief sought in this lawsuit; and (3) because the discovery Weiss seeks is unduly burdensome and expensive in the short period of time before the motion for preliminary injunction is heard. *Id.* The Court need not reach the first two arguments because it agrees with the third argument.

Federal Rule of Procedure 26(d) provides that a party "may not seek discovery from any source" prior to conducting the discovery conference required by Rule 26(f), which takes place no later than 21 days before the initial case management conference. "Courts within the Ninth Circuit generally use the 'good cause' standard to determine whether to permit discovery prior to a Rule 26(f) conference." *Apple Inc. v. Samsung Elecs. Co.*, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011). "Good cause may be found where the need for expedited discovery, in consideration of

the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Factors courts consider include whether a preliminary injunction is pending, the breadth of the discovery requests, the purpose for requesting the expedited discovery, the burden on the defendants to comply with the requests, and how far in advance of the typical discovery process the request was made. *American LegalNet, Inc. v. Davis,* 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009).

The Court finds that these factors weigh against expedited discovery here. Weiss seeks (1) three depositions of Defendants Walt Jacobs, Roberto Gonzales, and Charlotte Sunseri; and (2) materials responsive to five requests for production. *See* Mot., Exs. 1-4. Weiss characterizes this discovery as "narrow and specific," *id.* at 5, but the Court disagrees given the procedural posture of this case. Defendants cannot be expected to search for, collect, and review a potentially expansive universe of documents and other media and defend three depositions in only a few short weeks. Even if that discovery did occur, use of any of its fruits would require Weiss to withdraw her already-filed motion for a preliminary injunction and incorporate any new evidence and argument into revised and refiled motion, as no new evidence may be cited in a reply brief. *See Rivera v. Saul Chevrolet, Inc.*, 2017 WL 3267540, at *6 (N.D. Cal. Jul. 31, 2017); *cf. Interserve, Inc. v. Fusion Garage PTE, Ltd.*, 2010 WL 143665, at *2 (N.D. Cal. Jan. 7, 2010) ("Expedited discovery will allow plaintiff to determine whether to seek an early injunction."). This could not be accomplished prior to the June 2022 repatriation of the Native American remains at issue in this case, and certainly not on the parties' stipulated expedited schedule that the Court just yesterday approved and accommodated. *See* ECF No. 39.

Accordingly, Weiss' motion for expedited discovery is DENIED.

**IT IS SO ORDERED.**

Dated: March 1, 2022

_____
BETH LABSON FREEMAN
United States District Judge

2