DANIEL M. ORTNER, No. 329866
DOrtner@pacificlegal.org
ETHAN W. BLEVINS, Wash. Bar No. 48219*
EBlevins@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA  95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
*Attorneys for Plaintiff Elizabeth Weiss*
\*pro hac vice

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ELIZABETH WEISS,<br><br>        Plaintiff,<br>   v.<br><br>STEPHEN PEREZ, in his official capacity as Interim President of San Jose State University; VINCENT J. DEL CASINO, in his official capacity as Provost of San Jose State University; WALT JACOBS, in his official capacity as Dean of the College of Social Sciences at San Jose State University; ROBERTO GONZALES, in his official capacity as Chair of the Department of Anthropology at San Jose State University, CHARLOTTE SUNSERI, in her official capacity as NAGPRA Coordinator at San Jose State University, and ALISHA MARIE RAGLAND, in her official capacity as Tribal Liaison at San Jose State University,<br><br>        Defendants. | No. 5:22-cv-00641-BLF<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS**<br><br>Date:     April 28, 2022<br>Time:    9:00 a.m.<br>Location: Location:<br>                 Courtroom 3, 5th Floor<br>Judge:   Hon. Beth Labson Freeman<br><br>Date Action Filed:  January 31, 2022<br>Trial Date: |

**INTRODUCTION**

Defendants' objections and requested relief should be denied in full for three reasons: (1) Defendants ask this Court to strike the declarations in full without adequate specificity; (2) the evidence presented in the declarations responds to specific arguments presented in Defendants' opposition brief; and (3) the specific evidentiary objections to the form and tone of the declarations made are baseless.

Even if Defendants' objections had merit, the more appropriate route would be to grant them an opportunity to respond at the April 28 hearing or by filing a sur-reply.

**I.   Defendants Fail to Identify Objectionable Evidence with Specificity**

Defendants' evidentiary objections to Professor Weiss's supplemental declaration on the basis that it contains new evidence should be denied, because Defendants improperly rely on wholesale generalizations and categorical objections. *See Sandoval v. Cty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021) (explaining that "unexplained generalized objections were insufficient"); Fed. R. Evid. 103(a)(1)(B) (requiring objections to state "the specific ground of objection"). Professor Weiss should not be required to go through each of the 46 paragraphs and 14 exhibits to explain how each statement was responsive to Defendants' opposition brief. That burden rests on the Defendants as the moving party. *See Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014) ("Plaintiff failed to specifically identify any new evidence or legal argument proffered … for the first time in [Defendant's] reply brief.").

Since Defendants rely on such a highly generalized objection, their motion should be denied if any part of Professor Weiss's declaration is properly admissible. This is easily demonstrated. To point to one obvious example: Defendants argue that Professor Weiss should not be entitled to a preliminary injunction because she did not pursue her research with adequate vigor during the COVID-19 pandemic. MPI Oppo. at 19. Paragraphs 27–29 and Exhibits 7–9 directly respond to this argument.

Defendants' categorical objection must therefore be rejected.

**II.   The Reply Evidence is Responsive to Defendants' Arguments**

The evidence put forward in Professor Weiss's reply "is not 'new,' . . . [because] it is submitted in direct response to" specific allegations Defendants made for the first time "in opposition to [her] motion" for preliminary injunction. *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007). "[E]vidence submitted with a reply brief is not new evidence when it is submitted to rebut *arguments* raised in the opposition brief." *Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) (emphasis added). Denying Professor Weiss "the opportunity to counter [Defendants'] potentially dispositive argument[s] would . . . effectively strip[ her] of [her] right to argue against [the] defense." *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040 (9th Cir. 2003). The Court accordingly can review evidence presented on reply, especially if it is "a reasonable response to the opposition," *Hodges v. Hertz Corp.*, 351 F. Supp. 3d 1227, 1249 (N.D. Cal. 2018), and is "consistent with the evidence and arguments presented in the original motion." *Edgen Murray Corp. v. Vortex Marine Constr., Inc.*, No. 18-CV-01444-EDL, 2018 WL 4203801, at *3 n.1 (N.D. Cal. June 27, 2018).

    **a.   Professor Weiss's Declaration Rebuts Defendants' Arguments**

Each paragraph in Professor Weiss's declaration and exhibits either refers to material already included in her opening brief or is "a reasonable response to the opposition." *Hodges*, 351 F. Supp. 3d at 1249. Furthermore, all the evidence she presents "is consistent with the evidence and arguments presented in the original motion." *Edgen Murray*, 2018 WL 4203801 at *3 n.1. Accordingly, Professor Weiss's rebuttal evidence is proper.

Paragraphs 1–3 of Professor Weiss's declaration contain standard introductory material and require no further explanation.

Paragraphs 4–10 concern allegations made by Defendants Ragland and Gonzalez in an email exchange that Professor Weiss had never seen before the filing

of her brief. *See* Weiss Suppl. Decl. ¶ 4 ("Before Defendants filed their opposition brief I had never before seen the email exchange between Defendant Ragland and Defendant Gonzalez."). This email exchange included the allegation that Professor Weiss is "fundamentally opposed to working collaboratively with descendant communities." *See* Sunseri Decl. Ex. J. Exhibits 1–2 of Professor Weiss's supplemental declaration responds to this claim by showing that she frequently collaborated with descendant communities and encouraged her students to do so.

Paragraphs 11–13 and Exhibit 3 respond and add context to an exhibit presented by Defendant Gonzalez that refers to a proposal to ban photography. *See* Gonzalez Decl. Ex. M. Defendant Gonzalez did not provide any context for this document to allow the Court to understand what he is referring to. Weiss Suppl. Decl. ¶ 11 ("Defendant Gonzalez includes documents referring to a proposed policy banning photography but does not provide the Court with sufficient details to understand what this is in reference to."). Including documents that clarify, contextualize, or provide a fuller understanding of a document included by the Defendants is an appropriate use of evidence in a reply brief. *See Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) (finding that the inclusion of the full terms of a contract was appropriate on reply because it provided context to defendants' argument about sections of the contract).

Paragraphs 14–17 and Exhibits 4–5 address Defendants' argument that they have promoted Professor Weiss's work just as they do all other publications. MPI Oppo. at 3, 4, 21.

Paragraphs 18–19 address Defendants' suggestion that Professor Weiss should have known that it was improper to handle the remains without gloves or take pictures of them. MPI Oppo. at 7, 10–13, 16, 18–19. Professor Weiss responds that "[n]either the Defendants nor anyone else at SJSU ever suggested to me that photographing remains was improper after the passage of AB 275," and that she informed Defendant Gonzalez that she would abide by such a policy if it were in place.

Paragraph 20 addresses the protocol introduced by Defendants barring photography in a class taught by Professor Weiss. Del Casino Decl. Ex. K at 27. She explains what this policy was and why it did not apply to her.

Paragraph 21 responds to Defendants' argument that Professor Weiss violated CalNAGPRA by engaging in excessive handling. MPI Oppo. at 5, 7.

Paragraph 22 and Exhibit 6 address Defendants' argument that Professor Weiss was obligated to consult with the Tribe under CalNAGPRA. MPI Oppo. at 3–4, 5, 7, 11. This obligation to consult would only have applied if Professor Weiss were engaged in the inventory process of CalNAGPRA. Professor Weiss therefore emphasizes that she was not engaged in a formal inventory under CalNAGPRA and provides Exhibit 6 to show that her activities were not part of this inventory process.

Paragraph 23 responds to Defendants' argument that Professor Weiss did not suffer a unique injury because other faculty members were also barred from accessing the curation facility. MPI Oppo. at 7.

Paragraphs 24–25 and Exhibit 7 address Defendants' argument that the classroom where the Carthage Collection is stored is an adequate alternative because it is convenient to the research laboratory. MPI Oppo. at 6. Professor Weiss shows that Defendant Gonzalez had previously emphasized the importance of keeping the remains in the curational facility and expressed concerns about the classroom setting.

Paragraph 26 addresses Defendants' claim that Professor Weiss is not entitled to a preliminary injunction because her access to the Carthage collection already remedies her injury. MPI Oppo. at 20, 23.

Paragraphs 27–29 and Exhibit 7–9 confront Defendants' argument that Professor Weiss was inadequately diligent during the COVID-19 pandemic.

Paragraphs 30–33 address the related argument that Professor Weiss failed to act diligently because she should have known that the tribe would seek repatriation. Exhibit 10 includes an agreement which illustrates the Tribe's past commitment to ongoing research and shows that Defendants' argument is flawed.

Paragraphs 34–35 and Exhibit 2 address the new revelation that Defendants plan to repatriate the x-rays that Professor Weiss has repeatedly requested, based on the purported request of the Muwekma Ohlone Tribe. Professor Weiss cites a thesis to show that the tribe had never before objected to x-rays.

Paragraph 36 features Professor Weiss's reaction to Defendant Gonzalez's characterization of his summer 2021 remarks. This is just a reiteration of something already stated in Professor Weiss's initial declaration.

Paragraph 37 and Exhibit 11 address the argument that Professor Weiss's course release credit was eliminated when Defendant Ragland was hired and so she would not have course release credit regardless of her speech. Gonzalez Decl. ¶¶ 3–6.

Paragraphs 38–39 respond to Defendants' argument that Professor Weiss is not injured because she is approaching retirement. MPI Oppo. at 23.

Paragraph 40 and Exhibit 12 raise a new development that has occurred since the filing of Professor Weiss's motion and therefore could not have been included. This is permissible in a reply brief. *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) ("[R]eply briefs [may include] matters . . . unforeseen at the time of the original motion") (quotation omitted).

Paragraph 41 presents an additional inference that can be drawn from existing evidence. This paragraph refers to two tweets by Professor Weiss and includes them as Exhibit 13. The October 26, 2021 letter from Professor Weiss's Counsel to Defendants already refers to the first tweet and mentions that "Professor Weiss's tweet promoting her blog post unexpectedly blew up and received thousands of hateful and vitriolic responses." Weiss Decl. Ex. 1. And the September 18, 2021 tweet was already included as an exhibit. Weiss Decl. Ex. 2. Professor Weiss merely includes the two tweets together for the Court's consideration and points to the number of total responses that each received.

Paragraph 42 responds to Defendants' claim that Professor Weiss's tweet was a "joke." Wilcox Decl. Ex. A at 3.

Paragraph 43 and Exhibit 14 respond to the argument that Professor Weiss's tweet was unrelated to her views on repatriation. The Mercury News article about the controversy surrounding her tweet illustrates how the two topics are closely related.

Paragraphs 44–45 respond to Defendants' argument that her research would hinder repatriation or damage the remains. *See* MPI Oppo. at 25.

Paragraph 46 responds to the new evidence that the University had acquiesced to the request from tribes that the University prohibit menstruating women from working with remains. *See* Sunseri Decl. Ex. J.

Professor Weiss's supplemental declaration and the exhibits that it contains are therefore properly before the Court.

**b.     The Anthropologists' Declarations Respond to Arguments Made in Opposition**

The four Anthropologists' declarations are similarly "a reasonable response to the opposition," *Hodges*, 351 F. Supp. 3d at 1249, and "consistent with the evidence and arguments presented in the original motion." *Edgen Murray*, 2018 WL 4203801 at *3 n.1. Defendants include a declaration by Michael Wilcox alleging that Professor Weiss's handling of the skeletal remains in the SJSU collection violated the prevailing norms of the profession. In particular, Wilcox focuses on the fact that Professor Weiss held a skull "without gloves" in the presence of other remains. Wilcox Decl. at 3–4. Declarants draw on their collective decades of experience to explain why Professor Weiss's handling of these remains was wholly appropriate. Defendants have no grounds to complain when Professor Weiss responds to their declarant.

**III.   Professor Weiss Is Not Trying to Evade Page Limits**

Defendants baselessly claim that Professor Weiss uses her declarations to evade page limits. Defendants claim that Professor Weiss has conceded that her declaration is meant to avoid page limits when she says "I offer this supplemental declaration in order to respond to some of the arguments that Defendants make." Objections at 2; Supp'l Weiss Decl. ¶ 3. But as already discussed, responding to

arguments in a response brief by submitting evidence is permissible. *See Hodges*, 351 F. Supp. 3d at 1249. Furthermore, almost every point made in Professor Weiss's supplemental declaration is also made or elaborated on in her reply brief, so the claim that she is evading page limits is meritless. *See United States ex rel. Doe v. Biotronik, Inc.*, No. 2:09-CV-3617-KJM-EFB, 2015 WL 6447489, at *3 (E.D. Cal. Oct. 23, 2015) (striking, as an avoidance of reply brief page limit, only arguments in supplemental declarations which were not integrated into reply brief).

**IV.   Defendants' Evidentiary Objections Are Baseless**

Defendants also raise a litany of evidentiary objections claiming that the material raised in the reply is "inadmissible" or "hearsay." Plaintiff does not concede that the statements that Defendants object to contain inadmissible hearsay and reserves the right to argue that these statements and recollections are either not hearsay or fall under a hearsay exception. But at this stage in the proceeding that is unnecessary. Even if these declarations are inadmissible at a later stage, they may still be considered by the Court in resolving the motion for preliminary injunction.

It is well established that "the rules of evidence do not strictly apply to preliminary injunction proceedings." *Houdini Inc. v. Goody Baskets LLC*, 166 F. App'x 946, 947 (9th Cir. 2006). Accordingly, "[t]he trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). *See also Gateway City Church v. Newsom*, No. 5:20-CV-08241-EJD, 2021 WL 308606 (N.D. Cal. Jan. 29, 2021). The Court may "consider inadmissible evidence, giving such evidence appropriate weight depending on the competence, personal knowledge, and credibility of the declarants." *V.L. v. Wagner*, 669 F. Supp. 2d 1106, 1116 (N.D. Cal. 2009) (citing 11A Charles A. Wright, Arthur K. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2949 at 216–217 (2d ed. 1995)).

Doing so is particularly equitable here, because Defendants possess the relevant evidence concerning their motives and have selectively used some of that

P's Response to Defendants' Evidentiary
Objections
No. 5:22-cv-00641-BLF                                              7

evidence in their opposition brief without providing Professor Weiss an opportunity to engage in discovery. Without the full benefit of discovery and in light of the need to seek relief before SJSU's remains are permanently repatriated, Professor Weiss must rely on the evidence available to her, including her recollection of conversations.

Defendants also object to the tone and style of the declarations, arguing that these declarations are too argumentative or opinionated. But Defendants seem to conflate being responsive with being argumentative. As already discussed above, Professor Weiss responded to specific arguments made by Defendants by laying out countervailing facts. She has not improperly engaged in legal argumentation. Of all of the paragraphs that Defendants point to, only ¶ 34 ("This is a senseless waste of scientific knowledge that is not at all required by AB-275") and ¶ 44 ("I do not believe that the Muwekma Ohlone Tribe has any interest in preventing me from researching the collection before it is repatriated") contain anything remotely approaching legal argument. And these statements are made in light of Professor Weiss's many years of experience working under NAGPRA and CalNAGPRA.

To the extent the Court finds legal argumentation or opinion in the declarations, these arguments or opinions have been properly integrated into Professor Weiss's Reply brief, and so there is no need to strike them from the declarations, let alone strike the entire declarations as Defendants request *See Biotronik, Inc.*, 2015 WL 6447489, at *3; *In re Terrorist Attacks on September 11, 2001*, No. 03MD01570GBDSN, 2022 WL 356190, at *1–*2 (S.D.N.Y. Feb. 7, 2022) ("The declaration contains some improper [legal argumentation] but striking [it] in full goes too far . . . [b]ecause most of [its] content is proper").

### V. Declarants Are Qualified

Defendants also object to the Anthropologists' declarations because they claim these declarants have not "demonstrated . . . expertise with respect to the handling and treatment of Native American human remains subject to NAGPRA or CalNAGPRA in 2021." Objections at 3. This objection is frivolous. Declarants'

1  collective decades of experience handling remains provides them with "expertise with
2  respect to the handling and treatment of Native American human remains." Declarant
3  Borque specifically mentions that he has "excavated many sites containing human
4  remains, sometimes with Indigenous North Americans observing, and sometimes with
5  Indigenous North Americans among the crew." Borque Decl. ¶ 3. Declarant Cook has
6  worked with ancient skeletal remains for almost 50 years. Cook Decl. ¶ 3. Declarant
7  Becker has studied skeletal remains since 1956, including "extensive skeletal studies
8  from Amerindian collections found in Ohio, Pennsylvania, and New Jersey." Becker
9  Decl. ¶ 4. And Declarant Owsley has "worked with many large and prestigious
10 universities and museums to help them within the inventory process of NAGPRA to
11 determine tribal affiliations and relationships." Owsley Decl. ¶ 20.

These are clearly experts in the handling of remains and their professional perspectives on Professor Weiss's photograph and the proper handling of remains are pertinent and persuasive. Moreover, Defendants' suggestion that expertise regarding the handling of remains is irrelevant if it does not involve CalNAGPRA remains in 2021 is unfounded. CalNAGPRA did not inaugurate a new era that renders all expertise before it useless. Indeed, as explained in Professor Weiss's briefing, CalNAGPRA did not establish new standards of handling at all outside of the consultation process for inventorying remains for potential repatriation.

## VI. Striking Is an Improper Remedy

If the Court were to conclude that the declarations and exhibits contained therein were new or otherwise improper, it would still have the choice to consider the material if it gives Defendants an opportunity to respond to those arguments either at the hearing or in the form of sur-reply. *See Oracle Corp. v. DrugLogic, Inc.*, No. C-11-00910 JCS, 2012 WL 2244305, at *5 (N.D. Cal. June 15, 2012) ("DrugLogic was not prejudiced because it was given an opportunity to address this new evidence at the hearing"), *Hashim*, 316 F.3d at 1040–41 ("The transcripts of the preliminary injunction hearing reflect that the district court heard Hashim's arguments . . . [and]

specifically noted the cases upon which Hashim relied, stating it would 'take the matter under submission to study this case [sic] and the point that counsel has raised.' . . . Because the district court listened to, considered, and rejected Hashim's contentions, no abuse of discretion occurred").

In this case, considering the evidence and allowing for a reply is appropriate rather than refusing to consider the evidence. Time is of the essence for Professor Weiss in light of the irreparable harm that will follow if a preliminary injunction is not issued. This factor strongly favors "the interest of having a complete record," *Hodges*, 351 F. Supp. 3d at 1249, in determining whether to grant her request for a preliminary injunction. Professor Weiss also filed her preliminary injunction motion simultaneously with her complaint and without the benefit of an answer or any other briefing from opposing counsel. Requiring her to anticipate exactly what arguments Defendants might raise in opposition and preemptively respond to those arguments would be highly prejudicial. *See Power Probe Grp., Inc. v. Innova Elecs. Corp.*, No. 221CV00332GMNEJY, 2021 WL 5119362, at *3 (D. Nev. Sept. 8, 2021) ("plaintiffs are not required to spend their limited pages anticipating arguments that may not be made. *AIG Commercial Ins. Co. of Canada v. CKE Rests., Inc.*, No. CV 09-98-N-EJL, 2009 WL 3270494, at *1 (D. Idaho Oct. 8, 2009) ("it cannot be said that Plaintiff must . . . peremptorily anticipate Defendants' own arguments"). This prejudice would be especially great here, because Professor Weiss is alleging the deprivation of fundamental constitutional rights. On the other hand, Defendants will have further opportunity to rebut any evidence even if a preliminary injunction is granted.

Defendants should be allowed to respond to any points made in Professor Weiss's reply brief during the hearing set for April 28, 2022. Alternatively, allowing a sur-reply focused solely on responding to the factual allegations contained in Professor Weiss's reply declarations would remedy any prejudice and will also not delay consideration of Professor Weiss's motion for preliminary injunction, since the hearing date gives ample time for the filing of a sur-reply.

DATED: March 28, 2022.

Respectfully submitted,

DANIEL M. ORTNER
ETHAN W. BLEVINS
Pacific Legal Foundation

By     s/ Daniel M. Ortner
       DANIEL M. ORTNER

*Attorneys for Plaintiff
Elizabeth Weiss*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2022, Opposing Counsel received the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS** via CM/ECF service.

s/ Daniel M. Ortner
DANIEL M. ORTNER, No. 329866
