1  BRYAN H. HECKENLIVELY (State Bar No. 279140)
   Bryan.heckenlively@mto.com
2  RACHEL M. SCHIFF (State Bar No. 336643)
   Rachel.schiff@mto.com
3  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
4  San Francisco, California 94105-2907
   Telephone:    (415) 512-4000
5  Facsimile:    (415) 512-4077

6  Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH WEISS,<br><br>         Plaintiff,<br><br>    vs.<br><br>STEPHEN PEREZ, in his capacity as President of San Jose University; et al.,<br><br>         Defendant. | Case No. 5:22-cv-00641-BLF<br><br>[PROPOSED] ORDER COMPELLING PRODUCTION OF INFORMATION SUBJECT TO THE FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT (FERPA), 20 U.S.C. § 1232g<br><br>Judge:   Hon. Beth Labson Freeman |

Defendants Stephen Perez, Interim President of San Jose State University ("SJSU"), Vincent J. Del Casino, SJSU Provost, Walt Jacobs, former SJSU College of Social Sciences Dean, Roberto Gonzalez, SJSU Department of Anthropology Chair, Charlotte Sunseri, SJSU NAGPRA Coordinator, and Alisha Marie Ragland, SJSU Tribal Liaison ("Defendants"), maintain that the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, applies to certain documents responsive to the discovery requests that Plaintiff Elizabeth Weiss ("Plaintiff") has served on Defendants.

FERPA prohibits the disclosure of "education records" and "personally identifiable information" contained therein, except in limited circumstances set forth in the statute.

Subsection (b)(2)(B) of FERPA provides that otherwise protected information may be produced in compliance with judicial order, upon condition that any affected student is notified of

the judicial order in advance of compliance therewith by the educational agency. 20 U.S.C. § 1232g(b)(2)(B).

The Court takes no position in this Order on whether FERPA applies to each of the individual documents in question. The parties apply for an entry of an order compelling production, subject to a protective order, of unredacted versions of otherwise discoverable documents that Defendants would redact or withhold based on their position that FERPA applies. Based on the parties' application, and in the interests of party and judicial economy and efficiency, the Court hereby orders the following:

1. Upon approval of a protective order satisfactory to the Court, Defendants shall, prior to production of unredacted documents responsive to Plaintiff's discovery requests that Defendants would otherwise withhold or redact based on FERPA, provide notice of this Order to the affected students.

2. Upon notice to the affected students, Defendants shall proceed diligently to mark any non-privileged documents responsive to Plaintiff's First Set of Requests for Production that they would otherwise withhold or redact based on FERPA as "CONFIDENTIAL," subject to the protective order as entered, and produce them to Plaintiff within a reasonable time thereafter.

3. If Defendants are unable to provide notice of this Order to an affected student within a reasonable time of learning of the existence of discoverable information that they would, in the absence of this Order, withhold or redact based on FERPA, Defendants shall proceed with producing the information to Plaintiff as set forth herein, unredacted except for those redactions related to the student who could not be notified.

4. On a going forward basis, Defendants shall diligently provide notice of this Order to any additional affected students as they are identified, even if it believes that, in the absence of this Order, that information would be protected from disclosure by FERPA. Defendants shall then produce non-privileged, responsive documents to Plaintiff as set forth herein.

DATED: September 30, 2022

_____
~~Honorable Beth Labson Freeman~~
Honorable Susan van Keulen